IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HATCH VALLEY HOME HEALTH,
INC. a New Mexico Corporation, and
ANTOINETTE L. TURNER,
individually**,

      Plaintiffs,

      vs.                                    No. Civ. **04-745 MCA/LCS**

**THE SECRETARY OF THE UNITED STATES
DEPT. OF HEALTH & HUMAN SERVICES;
BLUE CROSS & BLUE SHIELD OF NEW MEXICO,
a Member of the Blue Cross and Blue Shield Association,
Intermediary; and PALMETTO GBA, a wholly owned
subsidiary of Blue Cross and Blue Shield of South
Carolina, a Member of the Blue Cross and Blue Shield
Association, Secessor Intermediary,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendants' Motion Filed in Lieu of an Answer, to Dismiss, or, in the Alternative, for Judgment on the Merits* [Doc. 19] filed January 31, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion to dismiss.

On July 1, 2004, Hatch Valley Home Health, Inc. (HVHH, Inc.) and Antoinette L. Turner, identified in the *Complaint* as HVHH, Inc.'s President and statutory agent, brought suit against the Secretary of the United States Department of Health and Human Services, Blue Cross & Blue Shield of New Mexico (BCBS-NM), and BCBS-NM's successor,

Palmetto GBA (Palmetto) under the Social Security Act, 42 U.S.C. § 1395oo(f).  [Doc. 1].

Section 1395oo(f)[1] allows for aggrieved Medicare providers such as HVHH, Inc. to seek judicial review of decisions rendered by the Medicare Provider Reimbursement Review Board by commencing a civil action.  See 42 U.S.C. § 1395oo(f).  The *Complaint* in this case was signed twice, once by Turner individually and once by Turner for HVHH, Inc.  Below the signatures appears "Antoinette L. Turner, pro se," followed by Turner's address and telephone number.  [See Doc. 1 at 5].

A more complete recitation of the factual background of this case is set forth in this Court's April 4, 2005 *Memorandum Order and Opinion* denying Turner's *Motion to Amend Complaint* [Doc. 21] and ordering HVHH, Inc. to file an amended *Complaint* signed by counsel. [See generally Doc. 30].  That factual background is considered herein for purposes of the pending motion and need not be repeated.  However, for purposes of the motion presently before the Court it should be noted that on January 31, 2005, Defendants collectively filed *Defendants' Motion Filed in Lieu of an Answer, to Dismiss, or, in the Alternative, for Judgment on the Merits* [Doc. 19].  Defendants contend, in pertinent part, that this action is void *ab initio* and should be dismissed because HVHH, Inc. is a corporation and therefore cannot be represented by Turner, a non-attorney.  [Doc. 20].  In

---

[1] Section 1395oo(f) states, in pertinent part, that "[p]roviders shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received."  42 U.S.C. § 1395oo(f).

support of their position, Defendants cite D.N.M. LR-Civ. 83.7, which provides that "[a] corporation or partnership must be represented by an attorney authorized to practice before this Court." D.N.M. LR-Civ. 83.7.

As stated above, in its *Memorandum Opinion and Order*, the Court ordered HVHH, Inc. to file an amended *Complaint* signed by counsel within 20 days of the *Order*'s April 5, 2005 entry on the docket. [See Doc. 30 at 12]. The Court expressly cautioned that failure to comply would result in dismissal. [Id.]. The docket reflects that no such amended *Complaint* has been filed. [See Dkt. in 04cv745]. Accordingly, the Court is constrained to dismiss this action. See D.N.M. LR-Civ. 83.7 ("A corporation or partnership must be represented by an attorney authorized to practice before this Court.").

**IT IS, THEREFORE, ORDERED** that *Defendants' Motion Filed in Lieu of an Answer, to Dismiss, or, in the Alternative, for Judgment on the Merits* [Doc. 19] is GRANTED.

**SO ORDERED** this 20th day of May, 2005, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge

3